IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDALL CAMBERS, individually and as personal representative of the Estate of Janice Cambers, <br><br> Plaintiff, <br><br> v. <br><br> BUREAU VERITAS NORTH AMERICA, INC.; ELI LILLY AND COMPANY; and ELANCO US INC., <br><br> Defendants. | Case No. 21-2222-JWL |

## MEMORANDUM AND ORDER

Plaintiff brings this wrongful death and survivor action as heir and representative of the estate of decedent Janice Cambers. This matter presently comes before the Court on motions to dismiss filed by defendant Eli Lilly and Company ("Eli Lilly") (Doc. # 51) and defendant Elanco US, Inc. ("Elanco") (Doc. # 56). Because plaintiff's claims against these defendants are barred by the exclusive remedy provision of the Kansas Workers Compensation Act, the Court **grants** the motions, and plaintiff's claims against Eli Lilly and Elanco are hereby dismissed.

Eli Lilly and Elanco seek dismissal of the claims asserted against them in the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court will dismiss a cause of action for failure to state a claim under Rule 12(b)(6) only when the factual allegations

fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.  *See Bell Atlantic*, 550 U.S. at 555.  The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

In the amended complaint, plaintiff asserts various claims against Eli Lilly and Elanco (collectively, "defendants") based on the following allegations:  decedent was employed by Eli Lilly or Elanco at a facility in Kansas from October 2013 to October 2017; during the first year of her job at that facility, decedent was exposed to a dangerous chemical without proper protective gear; and as a result of that exposure, decedent developed breast cancer, which eventually caused her death in 2021.[1]

Defendants argue that plaintiff's claims against them are barred by the Kansas Workers Compensation Act's exclusive remedy provision, K.S.A. § 44-501b(d), which provides as follows:

> Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury, whether by

---

[1] Plaintiff also asserts claims against defendant Bureau Veritas North America, Inc. ("Bureau Veritas"), based on the allegation that Bureau Veritas did not accurately perform tests relating to the air quality at decedent's facility.  The claims against Bureau Veritas and that defendant's separate motion to dismiss are not addressed in this order.

> accident, repetitive trauma, or occupational disease, for which compensation is recoverable under the workers compensation act nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by such employer.

*See id.*

> [I]t has long been the law of Kansas that an employer's liability for injury to an employee is limited exclusively to recovery under the Workers Compensation Act. As such, where the injury and the employer-employee relationship fall within the scope of the Act, the exclusive remedy provision of K.S.A. 44–501(b) precludes an employee from maintaining a civil action against the employer.

*See Herrell v. National Beef Packing Co., LLC*, 292 Kan. 730, 745 (2011) (quoting *Hollingsworth v. Fehrs Equip. Co.*, 240 Kan. 398, 401 (1986)). The statute specifically states that it is to be liberally construed "for the purpose of bringing employers and employees within the provisions of the act." *See* Kan. Stat. Ann. § 44-501b(a). The parties agree that for a defendant to prevail on this exclusive remedy defense, it must show, according to the facts alleged in the complaint, that an employer-employee relationship existed between it and the plaintiff and that the injury alleged occurred during the course of and arose out of the employment. *See Logue v. Layne Inliner, LLC*, 2018 WL 2971746, at *2 (D. Kan. June 12, 2018).

Plaintiff's amended complaint satisfies these elements of the defense, as plaintiff alleges that decedent suffered injuries because of her exposure to dangerous chemicals at her job at defendants' facility in 2013 and 2014. In response to defendants' motions, plaintiff does not dispute that her injury occurred during and arose out of her employment.

Nor does plaintiff argue that any exception to the exclusive remedy provision applies in this case or that the injury to decedent does not fall within the scope of the Kansas act.

Plaintiff's sole argument in support of his claims against these defendants is that he is not sure which defendant – Eli Lilly or Elanco – was actually decedent's employer, that a factual dispute exists concerning that issue, and that he brought claims against both alternatively for that reason. Such uncertainty does not save plaintiff's claims, however.

Plaintiff does not dispute that the basis for either defendant's liability is its employment of decedent (in which it allegedly allowed for her exposure to the dangerous chemical while working).[2] Thus, if either Eli Lilly or Elanco was decedent's employer, plaintiff's exclusive remedy against that employer would be under the workers compensation act, and plaintiff could not maintain the present action against it. As defendants argue, they are not required to admit an employment relationship or anything else in order to seek dismissal under Rule 12(b)(6) or to avail itself of the protection of the exclusive remedy provision, as legal sufficiency of plaintiff's claims turns on plaintiff's own allegations, which must be presumed true. It does not matter whether plaintiff believes only one of these defendants to have been the employer. Under the governing standard, the Court asks whether, assuming plaintiff's allegations are true (in this case, assuming that each defendant in turn was decedent's employer), plaintiff may maintain his claims against a defendant. In each case, as set forth above, and as plaintiff does not dispute, if the

---

[2] For instance, plaintiff alleged that Eli Lilly and Elanco owed a duty to decedent to hire competent employees and third-party companies and to train and supervise them "to ensure they recognize the duties owed to Defendant Employer's other employees."

4

defendant (Eli Lilly or Elanco) is the employer, the claims against it are barred. Accordingly, plaintiff's "factual dispute" concerning which party employed defendant[3] may only be resolved in proceedings under the workers compensation act, and the claims asserted in this Court must be dismissed.[4]

IT IS THEREFORE ORDERED BY THE COURT THAT the motions to dismiss filed by defendants Eli Lilly and Company and Elanco US, Inc. (Doc. ## 51, 56) are hereby **granted**, and plaintiff's claims against those defendants are hereby dismissed.

IT IS SO ORDERED.

Dated this 20th day of January, 2022, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[3] Plaintiff has attached two documents to its response in an apparent effort to show the existence of this dispute and defendants' refusal to help resolve it. Plaintiff has not provided any basis for this Court's consideration of such matters outside the complaint, however. Moreover, the documents are not helpful, as they do not support plaintiff's statement that both defendants have denied being decedent's employer at the relevant time. Neither document evidences any statements by Eli Lilly, and that defendant has conceded in its briefs that it was decedent's employer during the relevant time period. In the first attached document (Elanco's answer to decedent's workers compensation petition), Elanco only specifically denies causation and being decedent's employer in May 2019 (not a relevant date), and its general denials are meaningless in the absence of the allegations to which Elanco was responding. In the second document (an email from Elanco's counsel), Elanco merely stated that it had been part of Eli Lilly previously and that any other requested documents would be held by Eli Lilly.

[4] In light of this ruling, the Court need not address these defendants' argument that plaintiff's claims are time-barred or Elanco's separate argument, asserted in a footnote, for dismissal of plaintiff's negligence per se claim.
