IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL CAMBERS, individually and )
as personal representative of the )
Estate of Janice Cambers, )
                                                    Plaintiff, )
          v. ) Case No. 21-2222-JWL
BUREAU VERITAS )
NORTH AMERICA, INC., )
                                                  Defendant. )
_____)

## MEMORANDUM AND ORDER

This matter presently comes before the Court on the motion to dismiss filed by defendant Bureau Veritas North America, Inc. ("Bureau Veritas") (Doc. # 54). For the reasons set forth below, the motion is **granted in part and denied in part**. The motion is granted with respect to plaintiff's claims against that defendant for strict liability and for negligence under a theory of *res ipsa loquitur*; the motion is otherwise denied.

### I. Background

Plaintiff brings this wrongful death and survival action as heir and representative of the estate of decedent Janice Cambers. Plaintiff's allegations may be summarized as follows: Decedent was employed by Eli Lilly or Elanco (collectively, "Eli Lilly") at a facility in Kansas from October 2013 to October 2017. During her first year at that facility,

decedent's job duties included packaging a growth hormone implant product. Eli Lilly contracted with Bureau Veritas to perform tests on air quality monitoring device cartridges at the facility. Bureau Veritas reported no issues with the air quality, and therefore paper masks were deemed sufficient to protect employees from chemicals in the product. In 2015, Eli Lilly determined that air quality was not in fact compliant with applicable standards and that different protective gear was therefore required. Eli Lilly informed decedent and other employees that Bureau Veritas had not accurately performed the air quality tests. As a result of her exposure to a dangerous chemical while packaging the product, decedent developed breast cancer, which eventually caused her death in 2021.

By the amended complaint, plaintiff has asserted various claims against Bureau Veritas, of which Bureau Veritas presently seeks dismissal. Plaintiff also asserted claims against Eli Lilly and Elanco, but the Court has dismissed claims against those defendants on the ground that such claims are barred by the exclusive remedy provision of the Kansas Workers Compensation Act.

## II. Governing Standard

Bureau Veritas seeks dismissal of the claims asserted against it in the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court will dismiss a cause of action for failure to state a claim under Rule 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but

a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### III.  Analysis

#### A.  *Choice of Law*

In seeking dismissal, Bureau Veritas cites both Kansas and Missouri law. Bureau Veritas suggests in its briefs that although decedent worked in a facility in Kansas, Missouri law may apply here because decedent lived in Missouri at the time of her exposure and at the time of her death. Neither party has performed any choice-of-law analysis, however.

This Court applies the forum state's choice-of-law rules to determine which state's substantive law governs a claim. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Kansas law, tort actions are governed by the law of the state in which the tort occurred, and a tort is deemed to have occurred in the state in which the plaintiff suffered the alleged injuries. *See Ling v. Jan's Liquors*, 237 Kan. 629, 634-35 (1985). Because plaintiff has alleged that decedent suffered injury by her exposure at her workplace in Kansas, the Court concludes that plaintiff's claims in this action are governed by the substantive law of Kansas.

### B. *Negligence / Failure to Warn (Counts I and III)*

Bureau Veritas seeks dismissal of plaintiff's negligence and failure-to-warn claims. First, Bureau Veritas appears to argue that plaintiff has not adequately alleged the elements of a duty and breach. The Court rejects this argument, as plaintiff has alleged that Bureau Veritas owed a duty to decedent that it breached in negligently performing the testing services and in failing to report accurate information concerning the air quality. Bureau Veritas has not cited any authority indicating that more is required to plead a simple negligence claim under the notice pleading standard of Fed. R. Civ. P. 8(a). Moreover, plaintiff has not merely pleaded his claims in conclusory fashion, but has alleged specific facts regarding the nature of Bureau Veritas's negligence. There is no basis to conclude that plaintiff's claims are not plausible.

Bureau Veritas also appears to argue that, under the facts alleged by plaintiff, it did not have a duty to decedent as a matter of law. Although plaintiff has not invoked the section, Bureau Veritas notes that plaintiff could be seeking to impose liability under Restatement (Second) of Torts § 324A, which provides as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to [perform] his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

4

*See id.*; *see also Gooch v. Bethel A.M.E. Church*, 246 Kan. 663, 669 (1990) (noting the court's adoption of Section 324A). It is not clear, however, why Bureau Veritas believes that liability could not arise under Section 324A under the facts in the complaint, as plaintiff has alleged that Bureau Veritas undertook testing services for decedent's employer, that it performed that task negligently, and that it should have known of the danger caused by its negligent testing. Bureau Veritas notes that it provided services to decedent's employer, not to decedent herself, but that fact fits within the scope of Section 324A, which imposes liability on one providing services to one party for injuries to a different party.

In arguing that there was no duty here under Section 324A as a matter of law, Bureau Veritas cites only *Sheridan v. NGK Metals Corp.*, 2008 WL 2156718 (E.D. Pa. May 22, 2008), *aff'd*, 609 F.3d 239 (3d Cir. 2010), but that case is clearly distinguishable. The issue in that case was whether the air-quality testing company had a duty to warn the general public of its findings. *See id.* Dismissal of the claim under Section 324A was appropriate in that case because the plaintiff had not alleged that the defendant had performed the air-quality testing – the particular task undertaken by the defendant – in a negligent manner or that the defendant had failed to report to the plant owners that had hired it. *See id.* at *5; *Sheridan*, 609 F.3d at 263-64. In this case, however, plaintiff has specifically alleged both that Bureau Veritas negligently performed the testing services that it was hired to perform and that it failed to report accurate information to decedent's employer (which report would then have benefitted decedent, an employee and not merely a member of the public). Thus, *Sheridan* does not provide a basis to conclude as a matter of law at the pleading stage that plaintiff could not prove liability under Section 324A.

5

Finally, Bureau Veritas argues that plaintiff has not alleged facts sufficient to show proximate causation. The Court rejects this argument, as it concludes that plaintiff's allegations, taken as a whole and viewed in the light most favorable to plaintiff, sufficiently establish such causation. Specifically, plaintiff's complaint reasonably alleges that Bureau Veritas negligently performed tests and reported inaccurate information; that employees therefore used masks instead of other protective gear; that plaintiff was therefore exposed to a dangerous, cancer-causing substance; and that she developed cancer as a result. Bureau Veritas has not cited any authority to suggest that such a chain of causation is legally insufficient. Accordingly, there is no basis for concluding at this stage that plaintiff cannot establish the element of proximate cause as a matter of law.

For these reasons, the Court denies the motion to dismiss plaintiff's negligence and failure-to-warn claims.

### C. *Strict Liability (Count VI)*

In Count VI of the amended petition, plaintiff has asserted a claim sounding in strict liability. Specifically, plaintiff has alleged that defendants are strictly liable for decedent's injuries because they carried on an abnormally dangerous activity. Plaintiff has thus asserted a claim under Restatement (Second) of Torts §§ 519 and 520, which the Kansas Supreme Court has adopted as Kansas law. *See Williams v. Amoco Prod. Co.*, 241 Kan. 102, 115 (1987). Section 519 provides that "[o]ne who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm." *See* Restatement (Second) of Torts § 519(1). Section 520 provides:

6

> In determining whether an activity is abnormally dangerous, the following factors are to be considered:
>
> (a)  existence of a high degree of risk of some harm to the person, land or chattels of others;
>
> (b) likelihood that the harm that results from it will be great;
>
> (c) inability to eliminate the risk by the exercise of reasonable care;
>
> (d) extent to which the activity is not a matter of common usage;
>
> (e) inappropriateness of the activity to the place where it is carried on; and
>
> (f) extent to which its value to the community is outweighed by its dangerous attributes.

*See id.* § 520.  "When the facts are undisputed, whether an activity is abnormally dangerous is a question of law decided by the court."  *See City of Neodesha v. BP Corp. N. Am., Inc.*, 295 Kan. 298, 324 (2012).

In the amended complaint, plaintiff has identified the abnormally dangerous activity in this case as the "handling, storage, and production of cancer-causing materials," and he has included allegations applying the Section 520 factors to the handling of such materials. Plaintiff has alleged generally that "defendants" carried on such activity.  In the complaint, however, plaintiff has not alleged that Bureau Veritas handled those materials.  Rather, plaintiff has alleged that decedent handled the materials in her employment at the Eli Lilly facility, and that Eli Lilly sent an air-monitoring device cartridge to Bureau Veritas for testing.

Plaintiff has not alleged that such testing, as carried on by Bureau Veritas, is an abnormally dangerous activity for which strict liability should be imposed.  Moreover, mere testing of an air quality monitoring device cartridge would not qualify as an

7

abnormally dangerous activity as a matter of law. Applying the Section 520 factors, such testing in itself (as opposed to negligent testing) does not create a high degree of risk of great harm; any risk may be eliminated by the exercise of reasonable care in the testing; such testing is not uncommon; and the ability of air-quality testing to *eliminate* risks of harm makes its value to the community greater than any dangerous attributes. *See* Restatement (Second) of Torts § 520.

In response to the present motion, plaintiff has not addressed Bureau Veritas's specific argument that it did not carry on the particular activity alleged to be abnormally dangerous (the handling of dangerous materials). Instead, plaintiff has merely pointed to this count in the complaint, insisting that it sufficiently states a cause of action. That count, however, appears directed at Eli Lilly and Elanco and the activities conducted by those parties. As noted, plaintiff has alleged only testing by Bureau Veritas at its own facility, and plaintiff has not alleged that such testing represents an abnormally dangerous activity. Nor has plaintiff provided any authority to suggest that such testing is abnormally dangerous, and the Court concludes as a matter of law that such testing may not support a claim under Section 519. Accordingly, the motion is granted with respect to this claim, which is hereby dismissed.

### D. *Res Ipsa Loquitur (Count VII)*

In Count VII, plaintiff asserts a separate claim under the principle of *res ipsa loquitur*. Bureau Veritas argues, and plaintiff concedes, that this doctrine does not provide a basis for a separate cause of action, but rather it provides a method of proving a negligence claim. *See In re Syngenta AG MIR 162 Corn Litig.*, 2016 WL 4382772, at *11

(D. Kan. Aug. 17, 2016) (Lungstrum, J.); *see also Tatro v. Lueken*, 212 Kan. 606, 611 (1973) ("the rule of res ipsa loquitur is one of evidence, rather than of substantive law"). Accordingly, the Court, dismisses the separate claim based on this theory.

Bureau Veritas also argues that the theory may not be invoked in this case as a matter of law. Under the doctrine of *res ipsa loquitur*, which means "the thing speaks for itself," "a defendant may be found liable merely from the fact that an accident occurred if the instrument causing the injury is within the defendant's exclusive control, the accident is of the kind which does not ordinarily occur in the absence of negligence, and the accident is not caused by contributory negligence on the part of the plaintiff." *See Summers v. Montgomery Elevator Co.*, 243 Kan. 393, 402 (1988).

Bureau Veritas argues that plaintiff cannot rely on this theory of negligence because he has alleged specific acts of negligence by Bureau Veritas. *See Syngenta*, 2016 WL 4382772, at *11. Plaintiff responds by citing *Voss v. Bridwell*, 188 Kan. 643 (1961), in which the Kansas Supreme Court allowed a claim based on *res ipsa loquitur* to be pleaded in the alternative to a claim based on specific acts of negligence. *See id.* at 651. In *Voss*, however, the court noted that a proper claim must be alleged in each alternative count, *see id.*, and plaintiff has not responded at all to Bureau Veritas's argument that the *res ipsa* theory is not available in this case.

The Court agrees that plaintiff may not prove negligence through a theory of *res ipsa loquitur* in this case. Plaintiff has alleged that decedent developed breast cancer from exposure to a dangerous chemical, and there is no basis to conclude that such an injury would not ordinarily occur in the absence of negligence by Bureau Veritas with regard to

9

the air monitoring testing. Specifically with respect to medical injuries, Kansas courts have held that the doctrine of *res ipsa loquitur* may apply only if a lay person could find, as a matter of common knowledge, that the plaintiff's condition was such that it would not ordinarily have occurred absent negligence, and thus it would not apply if expert testimony is required. *See Butler ex rel. Commerce Bank, N.A. v. HCA Health Servs. of Kan., Inc.*, 27 Kan. App. 2d 403, 422 (1999). In this case, there is little doubt that expert testimony will be required to establish the requisite causation, as the link from exposure to the subject chemical (and air-quality testing) to a diagnosis of breast cancer is hardly within the common knowledge of a lay jury. Plaintiff has offered no argument or authority to support the use of this theory to prove a claim against Bureau Veritas. Accordingly, the Court grants the motion with respect to plaintiff's negligence claim to the extent based on a theory of *res ipsa loquitur*.

### E. Survival Action (Count VIII)

Plaintiff asserts a survival claim in Count VIII of his amended complaint. The parties agree that a survival action is dependent upon the viability of a separate claim. Plaintiff's negligence and failure-to-warn claims have survived dismissal at this stage; accordingly, Bureau Veritas's motion to dismiss the survival action must be denied.

### F. Adequacy of Pleading Under Rule 8

Finally, Bureau Veritas argues that plaintiff's amended complaint fails to distinguish among the original three defendants to provide notice to it of its alleged conduct and the bases for its alleged liability. Bureau Veritas relies on *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008), in which the court stated that it is important in a case involving

multiple individual actors "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *See id.* at 1250.

The Court does not agree that plaintiff's complaint is deficient in this regard. Bureau Veritas has cited only two allegations in which plaintiff has referred to "defendants" generally, and the Court has dismissed the strict liability count in which those allegations appear. Plaintiff has alleged specific conduct by Bureau Veritas, and indeed has devoted an entire count to the negligence claim solely against that defendant. The Court concludes that plaintiff's complaint provides fair notice to Bureau Veritas of the alleged conduct for which plaintiff seeks to impose liability, and it denies the motion for dismissal on this basis.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion to dismiss filed by defendant Bureau Veritas (Doc. # 54) is hereby **granted in part and denied in part**. The motion is granted with respect to plaintiff's claims against that defendant for strict liability and for negligence under a theory of *res ipsa loquitur*; the motion is otherwise denied.

IT IS SO ORDERED.

Dated this 21st day of January, 2022, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge